UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
UNITED STATES OF AMERICA,

　　-against-

JOHNEL SCOTT,

　　　　　　　Defendant.
---------------------------------------------------------------- X

04 CR 141 (ARR)

NOT FOR PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

　　The government argues that Johnel Scott is ineligible for the safety valve downward adjustment, and thus ineligible for release from the ten year mandatory minimum required by statute, because he possessed a firearm in connection with his offense. Pursuant to U.S.S.G. § 5C1.2(a)(2), one who possesses a firearm in connection with his offense is ineligible for the safety valve. The defense correctly notes that the Presentence Report ("PSR") indicates that Scott did not carry a firearm on his person when selling narcotics, but rather "had constant access to a weapon, as he was aware of the location of the weapon." PSR ¶ 16. The government contends that a firearm was hidden under a garbage can lid near where Scott sold narcotics and that Scott had constant access to the weapon. Defense counsel does not contest that representation, responding that knowledge of the firearm's location and access to it are insufficient for a finding that Scott "possessed" a firearm within the meaning of section 5C1.2(a)(2). Defense counsel argues further that "[t]o be ineligible for safety valve

1

consideration, the defendant himself must have actual possession of the firearm." The case law does not support that proposition.

The court is aware of only one case suggesting that constructive possession of a firearm does not render a defendant ineligible for the safety valve. In United States v. Zavalza-Rodriguez, 379 F.3d 1182 (10th Cir. 2004), the Tenth Circuit noted that, "for purposes of evaluating eligibility for the safety valve . . . we recognize a distinction between constructive and actual possession." Id. at 1186. After determining that "possession" for purposes of U.S.S.G. § 2D1.1(b)(1) means "possession by proximity" or "constructive possession," the court interpreted the safety valve provision to require "an active possession whereby there is a close connection linking the individual defendant, the weapon and the offense." Id. at 1187. In reaching this conclusion, the court relied heavily on the District of Columbia Circuit's decision in In re Sealed Case, 105 F.3d 1460 (D.C. Cir. 1997). The court did not conclude in that case, however, that constructive possession falls outside the purview of "possession" for purposes of eligibility for the safety valve. Rather, after finding that "incorporating co-conspirator liability into the safety valve's weapon possession element would render the safety valve virtually useless," id. at 1463, the court considered whether the defendant had "constructively possessed" a gun found under the seat of his brother's car. The court concluded that the defendant did not in fact have constructive possession of the weapon during his offense because he lacked proximity to the weapon and was therefore unable to exercise dominion and control over it. Id. at 1463-64.

The District of Columbia Circuit's decision thus does not stand for the proposition that a defendant may constructively possess a weapon in relation to his offense and nonetheless remain eligible for the safety valve. Similarly, the court cannot conclude that Zavalza-Rodriguez stands

2

for that proposition. In that case, the defendant stated that he had spent one night in a house owned by a reputed drug dealer. The defendant admitted to selling narcotics, but he contended, even though he knew a gun was stored in the bedroom where he had lodged, that he never touched the gun. Finding that the defendant possessed the gun for purposes of section 2D1.1(b)(1) but not within the meaning of the safety valve provision, the court emphasized that the "defendant's own conduct," and not that of a co-conspirator, must guide the evaluation of eligibility for the safety valve. 379 F.3d at 1186. Notwithstanding the court's use of the terms active and constructive possession, the court's analysis tracked the reasoning in In re Sealed Case. The court found that possession of a firearm by a co-conspirator did not render the defendant ineligible for the safety valve and that the nexus between the defendant and the firearm was also insufficient to conclude that he had possessed the gun for purposes of section 5C1.2(a)(2).

The court is aware of no other case suggesting that a defendant may constructively possess a firearm in relation to a narcotics offense but nonetheless remain eligible for the safety valve. In fact, the Sixth Circuit, in an unpublished decision, explicitly determined that either "constructive or actual possession of a firearm by a defendant will prevent application of the safety valve." United States v. Bursey, No. 99-1006, 215 F.3d 1327, 2000 WL 712377, *4 (6th Cir. May 23, 2000). If the law were otherwise, savvy narcotics traffickers could remain eligible for the safety valve in the vast majority of cases, notwithstanding their easy access to stashed weapons if needed to protect the narcotics operation or even the traffickers themselves. A co-conspirator's possession of a firearm does not render a defendant ineligible for the safety valve for a similar reason. "Given the great likelihood that at least one member of a drug distribution

3

conspiracy will possess a firearm, incorporating co-conspirator liability into the safety valve's weapon possession element would render the safety valve virtually useless." 105 F.3d at 1463 (internal citation omitted). The analysis under section 5C1.2(a)(2) thus properly focuses on the defendant's own conduct. While a defendant's "own conduct" does not include the possession of a firearm by a co-conspirator, it does include selling narcotics where a firearm is readily available for use and kept there expressly to protect both the contraband and those selling the drugs. Defendant contends that such a rule, like co-conspirator liability, would render the safety valve virtually useless, presumably because firearms are often stashed in drug houses. Defendant's argument is a double-edged sword. As previously noted, the court finds the opposite result, that almost every defendant in a narcotics conspiracy would be eligible for the safety valve notwithstanding readily accessible stashed firearms, to be at least as dubious.

The defendant's next argument is that, even if constructive possession prevents application of the safety valve, there is no evidence of his will or intent to exercise dominion and control over the firearm. To establish constructive possession, the government must prove that defendant had dominion and control over the gun and that he had the intent to exercise that dominion. See United States v. Rodriguez, 392 F.3d 539, 548 (2d Cir. 2004) (finding that the government must demonstrate "the power and intention to exercise dominion and control" over the contraband to establish constructive possession). Constructive possession may be proved by circumstantial evidence. United States v. Payton, 159 F.3d 49, 56 (2d Cir. 1998). While mere proximity or presence is insufficient to support a finding of constructive possession, 392 F.3d at 548, defendant's presence and proximity to the firearm occurred under a particular set of circumstances giving rise to an inference of the requisite intent. Defendant sold drugs at a spot

4

with knowledge that a gun was readily accessible to him in the event that he felt himself, or the narcotics conspiracy, to be endangered. In light of the fact that the defendant bears the burden of proof to establish eligibility for the safety valve, United States v. Ortiz, 136 F.3d 882, 883 (2d Cir. 1997) (per curiam), the court is prepared to conclude on the basis of this evidence that the defendant constructively possessed the firearm in relation to the offense. The defendant could seek to satisfy his burden, however, by adducing evidence that he lacked the requisite intent, such as by testifying at a Fatico hearing. If he were to convince the court that he never had the intent to exercise dominion and control over the firearm, then the court would conclude that defendant had not possessed a firearm within the meaning of section 5C1.2(a)(2). In the absence of such evidence, however, the court must conclude that the defendant constructively possessed the firearm in connection with the offense and that, as a result, he is ineligible for the safety valve.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: April 18, 2005
Brooklyn, New York

SERVICE LIST:

       <u>Attorney for the United States</u>
       Steven Weisner
       United States Attorneys Office
       Criminal Division
       147 Pierrepont Street
       Brooklyn, NY 11201

       <u>Attorney for Defendant</u>
       Sam A. Schmidt
       The Trinity Building
       111 Broadway
       New York, NY 10006